IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRAILEY HORNE, )
)
    Plaintiff, )
)
v. ) Civil Action No.:
)
PERIODONTAL ASSOCIATES OF )
NORTH FLORIDA, PLLC, )
)
    Defendant. )
_____)

## COMPLAINT

COMES NOW the Plaintiff, BRAILEY HORNE ("PLAINTIFF"), and files this Complaint against Defendant, PERIODONTAL ASSOCIATES OF NORTH FLORIDA, PLLC ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for sexual harassment and retaliation in violation of Title VII.

2. At all material times, PLAINTIFF was a female citizen and resident of Leon County, Florida.

3. At all material times, DEFENDANT was a Florida corporation, with its principal place of business in Tallahassee, Florida. DEFENDANT provides periodontal services and operated an office in Tallahassee, Florida, which is where PLAINTIFF was subjected to sexual harassment while working for DEFENDANT.

## BACKGROUND

4. On or about September 15, 2022, DEFENDANT hired PLAINTIFF to work as a sterile tech.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by Title VII.

7. At all relevant times, PLAINTIFF was qualified to perform her job as a sterile tech.

8. Shortly after PLAINTIFF started working for DEFENDANT, she was subjected to sexual harassment by Walter Colon, DEFENDANT'S owner. This included inappropriate flirtatious comments, winks, picture taking and inappropriate touching.

9. During her first week of employment, Dr. Colon hugged PLAINTIFF purportedly to welcome her. Although this made PLAINTIFF uncomfortable, Dr. Colon continued to subject PLAINTIFF to unwanted touching including regular back and shoulder rubs.

10. On one occasion after PLAINTIFF had returned to work after she missed work because of illness, Dr. Colon found PLAINTIFF while she was bent over cleaning a chair and started rubbing her shoulders. This was unusual because Dr. Colon never went into the suites if there was no patient and PLAINTIFF was cleaning to sanitize the chair for the next patient. After rubbing her, Dr. Colon asked PLAINTIFF if she was feeling better to which she replied "yes". Dr. Colon then said "well good. Maybe I need to rub you more."

11. This made PLAINTIFF feel extremely uncomfortable, so she told him she did not like him making those types of comments. Dr. Colon was clearly embarrassed and gaslit PLAINTIFF, making it seem as though nothing had happened. This exchange occurred

at the end of the workday just before PLAINTIFF clocked out.

12. The following day, Dr. Colon called PLAINTIFF into his office at the beginning of her shift and advised her she was being terminated because she did not "fit his culture".

13. All conditions precedent to this action have occurred or been waived.

## COUNT I
## TITLE VII-SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT

14. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

15. PLAINTIFF'S work environment was objectively and subjectively offensive.

16. The harassment about which PLAINTIFF complained was based on gender.

17. The above-described conduct was severe and/or pervasive.

18. DEFENDANT knew about PLAINTIFF'S complaints but failed to take any action to prevent the harassment from occurring.

19. As the actual, proximate, and legal result of DEFENDANT'S failure to address her concerns, PLAINTIFF suffered unwanted touching, emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## TITLE VII-RETALIATION

20. The General Allegations and Background above are hereby incorporated by reference

as though fully set forth herein.

21. PLAINTIFF engaged in statutorily protected activity by complaining to DEFENDANT that she was not happy with Colon's comments and contact.

23. As a result of her complaint, DEFENDANT terminated PLAINTIFF.

24. As the actual, proximate, and legal result of DEFENDANT terminating her, PLAINTIFF suffered emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FCRA-SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT

25. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

26. PLAINTIFF'S work environment was objectively and subjectively offensive.

27. The harassment about which PLAINTIFF complained was based on gender.

28. The above-described conduct was severe and/or pervasive.

29. DEFENDANT knew about PLAINTIFF'S complaints but failed to take any action to prevent the harassment from occurring.

30. As the actual, proximate, and legal result of DEFENDANT'S inaction, PLAINTIFF suffered unwanted touching, emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other

economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

### COUNT IV
### FCRA-RETALIATION

31. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

32. PLAINTIFF engaged in statutorily protected activity by complaining to DEFENDANT that she was being subjected to sexual harassment by her supervisor.

33. Upon information and belief, as a result of her complaint, DEFENDANT terminated PLAINTIFF.

34. As the actual, proximate, and legal result of DEFENDANT terminating her, PLAINTIFF suffered emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: December 19, 2023

                                                Respectfully submitted,

                                                **THE LAW OFFICE OF MATTHEW BIRK**

                                                **/s/ Matthew W. Birk**
                                                **Matthew W. Birk**
                                                Florida Bar No.:  92265
                                                2112 SW 34th Street
                                                Gainesville, FL  32608
                                                (352) 244-2069
                                                mbirk@gainesvilleemploymentlaw.com
                                                ATTORNEYS FOR PLAINTIFF